**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan NAZAHUA–RAMIREZ, a.k.a. Juan Ramirez, Defendant–Appellant.**

**No. 14–10327.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2015.*

Filed April 10, 2015.

Lacy Cooper, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Juan Ramirez, Florence, AZ, Daniel Robert Drake, Drake Law, PLC, Phoenix, AZ, for Defendant–Appellant.

Juan Nazahua–Ramirez, pro se.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

MEMORANDUM ***

Juan Nazahua–Ramirez appeals the 15–month sentence imposed upon revocation

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**740**

of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nazahua–Ramirez contends the district court procedurally erred by failing to explain adequately its within-Guidelines sentence. We review for plain error, *see United States v. Hammons,* 558 F.3d 1100, 1103 (9th Cir.2009), and find none. The record, taken as a whole, reflects that the district court "considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Nazahua–Ramirez further contends that his sentence is substantively unreasonable in light of the statutory sentencing factors and his having already been punished for the underlying criminal conduct that resulted in the revocation. The district court did not abuse its discretion in imposing Nazahua–Ramirez's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including the need to deter Nazahua–Ramirez from illegally returning to the United States.

**AFFIRMED.**